**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55537-9-II |
| Respondent, | |
| v. | |
| G.W.W. | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — G.W.W. appeals the juvenile court's adjudication of guilt for second degree theft, arguing that there was insufficient evidence to support the juvenile court's adjudication of guilt. We agree. Accordingly, we reverse the juvenile court's order adjudicating G.W.W. guilty of second degree theft.

FACTS

The State charged G.W.W. with second degree theft by Amended Information on November 5, 2020. The case proceeded to an adjudication hearing.

Deputy Jared Berken of the Grays Harbor County Sheriff's Office testified that on October 26, 2020, he responded to a call for a possible theft. Deputy Berken met with G.W.W.'s mother and G.W.W. Deputy Berken testified that G.W.W. admitted to taking a ring from his mother's jewelry box.

Michael Giron, a jeweler, appraised the ring. Giron testified that the replacement cost of the ring was $1,200. The replacement cost was based on the cost of making a new ring.

However, Giron explained that used jewelry would not sell for the same as new jewelry. Giron testified that if the ring was sold to a jeweler, it would be worth approximately $340. And Giron estimated that a dealer might sell the used ring for $600 or $700.

Following the adjudication hearing, the juvenile court entered the following findings of fact relevant to this appeal:

> 7. The retail replacement for the ring is $1,200.00.
>
> 8. Defense argument that the value of the ring should be based on what a willing seller and buyer would agree on, which wouldn't be $1,200.00, but more likely $300-$400 did not make sense. The value of the ring is what it would cost if it were never returned, and it had to be replaced.

Clerk's Paper's at 13.

Based on the relevant findings, the juvenile court concluded that the ring was valued at $1,200. Accordingly, the juvenile court found G.W.W. guilty of second degree theft.

G.W.W. appeals.

## ANALYSIS

G.W.W. argues that there was insufficient evidence to support the juvenile court's adjudication that he was guilty of second degree theft because the evidence showed the market value of the stolen ring was less than $750. We agree.

We review the juvenile court's findings of fact for substantial evidence. *State v. A.N.J.*, 168 Wn.2d 91, 107, 225 P.3d 956 (2010). "'Substantial evidence' is evidence sufficient to persuade a fair-minded person of the truth" of the finding. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). A juvenile appellant challenging the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences that may be drawn therefrom. *State v. Houston-Sconiers*, 188 Wn.2d 1, 15, 391 P.3d 409 (2017). We defer to the juvenile court on issues

of conflicting testimony, witness credibility, and the persuasiveness of the evidence. *Homan*, 181 Wn.2d at 106. The juvenile court's findings of fact must support its conclusions of law. *Id.*

A person is guilty of second degree theft if he commits theft of property exceeding $750 but less than $5,000. RCW 9A.56.040. "'Value' means the market value of the property or services at the time and in the approximate area of the criminal act." RCW 9A.56.010(21)(a). "Market value is the price a well-informed buyer would pay to a well-informed seller, when neither is obliged to enter the transaction." *State v. Jussila*, 197 Wn. App. 908, 934, 392 P.3d 1108 (2017).

Evidence of retail price or the price paid for an item may be sufficient to establish market value and is entitled to great weight. *State v. Ehrhardt*, 167 Wn. App. 934, 944, 276 P.3d 332 (2012). However, such evidence may not be too remote in time and must allow the fact finder to draw reasonable inferences as to the actual market value, including changes to the property affecting its value. *Id.* "Evidence other than market value, such as replacement cost, is inadmissible unless it is first shown that the property has no market value." *Id.* at 944-45.

Here, the evidence shows that a jeweler might buy the ring for $340 and sell the used ring for $600 or $700. Therefore, there is evidence that the market value of the ring is between $340 and $700. Because there was evidence of the ring's market value, the juvenile court improperly relied on evidence of the replacement cost of the ring in concluding that the ring was valued at $1,200.

Although the juvenile court found that the *replacement cost* of the ring was $1,200, the juvenile court made no finding establishing the *market value* of the ring. And because the juvenile court did not make a finding establishing the market value of the ring, the juvenile court's findings do not support its conclusion that the ring was valued at $1,200. Therefore, there was insufficient evidence to support the juvenile court's order adjudicating G.W.W. guilty of second degree theft.

Accordingly, we reverse the juvenile court's order adjudicating G.W.W. guilty of second degree theft.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Maxa, J.